CORLIS J. CHANG          3539-0
Law Offices of Corlis J. Chang, LLC
Pauahi Tower, Suite 465
1003 Bishop Street
Honolulu, HI 96813
corlis@corlischanglaw.com
Telephone: (808) 208-8840

Attorney for Plaintiff
SCHNABEL FOUNDATION COMPANY

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF HAWAII**

| | |
|---|---|
| SCHNABEL FOUNDATION COMPANY | ) ) ) |
| Plaintiff | ) CIVIL NO. ) ) |
| vs. | ) **COMPLAINT; DEMAND FOR** ) **JURY TRIAL** |
| SOMPO AMERICA INSURANCE SERVICES, LLC | ) ) ) |
| Defendant | ) ) |

**COMPLAINT**

Now comes Plaintiff Schnabel Foundation Company ("Schnabel" or "Plaintiff"), by and through its undersigned counsel, and states for its Complaint

against Defendant Sompo America Insurance Services, LLC ("Sompo" or "Defendant"), as follows:

## Parties, Jurisdiction, and Venue

1. Plaintiff Schnabel is a corporation organized and existing under the laws of the District of Columbia with its principal place of business located at 3075 Citrus Circle, Suite 150, Walnut Creek, California, 94598.

2. Upon information and belief, Defendant Sompo is an insurance company organized and existing under the laws of the State of North Carolina with a principal place of business in New York, New York and registered to do business in Hawaii. Sompo is the successor in interest to Endurance Reinsurance Corporation of American ("Endurance"). Endurance and Sompo are collectively referred to as "Sompo" or "Defendant."

3. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and there is complete diversity of citizenship between the Plaintiff and the Defendant.

4. This Court has personal jurisdiction over the Defendant because Defendant continuously and systematically conducts business in the State of Hawaii.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in the District of Hawaii.

**Factual Background**

6. Schnabel is a full-service foundation subcontractor in the business of performing foundation work for all types of commercial construction projects.

7. On or about July 22, 2016, Schnabel entered into a subcontract (the "Subcontract") with The H.E. Johnson Company, Inc. ("H.E. Johnson") pursuant to which Schnabel agreed to provide certain construction services necessary for the construction project commonly referred to as the Kuhio Highway Soil Stabilization Project (the "Project") owned by the State of Hawaii, Department of Transportation ("the Owner"). A true and correct copy of the Subcontract is attached hereto and incorporated herein as Exhibit A.

8. At H.E. Johnson's direction, Schnabel mobilized to the Project site in September 2016. Thereafter, Schnabel kept its equipment mobilized and onsite at H.E. Johnson's request during a succession of standby delays, while the Project was reorganized by the Owner and H.E. Johnson.

9. Schnabel faithfully stood by so as to assist the Owner and H.E. Johnson in starting the Project as expeditiously as possible, rather than demobilizing and remobilizing resulting in a delay to the Project and Schnabel incurring additional

demobilization and mobilization costs for which Schnabel would be entitled to compensation.

10. Schnabel has been submitting applications for payment since September, 2016, most of which remain unpaid.

11. To date, Schnabel has completed its work on the Project, and Schnabel is entitled under the terms of the Subcontract to be paid the overdue principal amount of $1,379,156.87.

12. To date, H.E. Johnson has only paid Schnabel $658,718.13 despite being properly invoiced by Schnabel for $2,037,875, leaving the aforementioned balance due of $1,379,156.87 for Schnabel's work on the Project.

13. Upon information and belief, Owner has accepted and issued payment to H.E. Johnson for all of Schnabel's work on the Project.

14. Despite receiving payment from Owner, H.E. Johnson has failed to pay Schnabel for all of that work.

15. HEJ's inability to perform its work in a timely manner caused significant delays to Schnabel's work. In addition, as a result of delays and suspensions to Schnabel's Project work caused by omissions as well as unforeseen conditions, Schnabel incurred substantial expenses for labor and idle equipment.

## COUNT I
### (Payment Bond Claim)

16. The foregoing paragraphs are incorporated by reference as if set forth in full herein.

17. Upon information and belief, pursuant to Haw. Rev. Stat § 103D *et seq.*, Sompo issued Payment Bond No. ERCA941500168 (the "Payment Bond") on behalf of H.E. Johnson binding itself to make payment to companies supplying labor and/or materials to H.E. Johnson for the Project. A true and correct copy of the Payment Bond is attached hereto and incorporated herein as Exhibit B.

18. Schnabel was a subcontractor to H.E. Johnson on the Project.

19. Schnabel performed all work pursuant to the Subcontract in a good, workmanlike and complete manner, consistent with the Subcontract.

20. All work performed by Schnabel on the Project was requested and accepted by the Owner.

21. There remains due and owing from H.E. Johnson to Schnabel the amount of $1,379,156.87 for base contract work that Schnabel performed for H.E. Johnson on the Project.

22. Pursuant to the terms of the Payment Bond issued by Sompo, H.E. Johnson as principal and Sompo as surety bound themselves jointly and severally to provide payment of all claims of all persons supplying materials or labor for the prosecution of the work on the Project, including for the work performed by Schnabel.

23. Schnabel has made demands for payment against Sompo and otherwise complied with all conditions precedent for asserting a claim against the Payment Bond, however, Sompo has failed and refused to pay Schnabel the amounts rightfully owed under the Payment Bond.

24. Sompo, as surety for H.E. Johnson, has breached the terms of the Payment Bond by failing or refusing to pay Schnabel the balance owed for labor and materials supplied by Schnabel to H.E. Johnson for the Project.

25. Schnabel has been damaged as a result of Sompo's breach of the terms of the Payment Bond in the amount $1,379,156.87 plus interest and costs.

26. Schnabel is entitled to recover from Sompo an amount of at least $1,379,156.87 plus interest and costs.

WHEREFORE, Schnabel demands:

A. Judgment in its favor on all claims for relief;

B. Upon Count One, judgment in favor of Schnabel and against Sompo in the amount of at least $1,379,156.87;

C. Interest, attorneys' fees and costs to the extent allowable; and

D. Such other and further relief at law or in equity to which Schnabel is entitled.

DATED:  Honolulu, Hawaii August 6, 2018

                    /s/Corlis J. Chang
                    CORLIS J. CHANG
                    Attorney for Defendant
                    SCHNABEL FOUNDATION
                    COMPANY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SCHNABEL FOUNDATION COMPANY | ) ) ) ) CIVIL NO. |
| Plaintiff | ) ) |
| vs. | ) **DEMAND FOR JURY TRIAL** ) |
| SOMPO AMERICA INSURANCE SERVICES LLC | ) ) ) ) |
| Defendant | ) ) |

## DEMAND FOR JURY TRIAL

Plaintiff Schnabel Foundation Company hereby demand trial by jury on all issues so triable herein.

DATED:  Honolulu, Hawaii August 6, 2018

/s/Corlis J. Chang
CORLIS J. CHANG
Attorney for Defendant
SCHNABEL FOUNDATION COMPANY